UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT A. CANE,<br>      Plaintiff, | :<br>:<br>: |
| v. | :    No. 3:16-cv-1638 (SRU) |
| NEW BRITAIN POLICE DEP'T, et al.,<br>      Defendants. | :<br>:<br>: |

## INITIAL REVIEW ORDER

Robert A. Cane resided in New Britain, Connecticut, when he initiated this action pursuant to 42 U.S.C. § 1983 against the New Britain Police Department, Police Chief James Wardell, Captain Thomas Steck, Sergeants Carlos Burgos and Arthur Powers, Officers Peter Scirpo, Francesco Barbagiovanni, Amando Elias, Egan and Saylor, Detectives Daniel McBride and Carl Mordasiwicz, Lieutenant Rodriguez and Dog Warden Russo.  Cane is currently incarcerated at the MacDougall-Walker Correctional Institution.  On October 11, 2016, the court granted Cane leave to proceed *in forma pauperis*.

Cane has filed a motion for appointment of counsel and motions for extension of time to serve the complaint.  For the reasons set forth below, the complaint will be dismissed in part and the motions for appointment of counsel and for extension of time will be denied.

**I.   Standard of Review**

When the court grants *in forma pauperis* status, it must conduct an initial screening of the complaint to ensure that the case is sufficiently meritorious to proceed.  28 U.S.C. § 1915.  Subsection (e) of that provision protects against abuses of the *in forma pauperis* privilege by providing that the Court "shall dismiss the case at any time if the court determines that . . . the

action . . . (i) is frivolous or malicious; or (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

A claim is "frivolous" if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989). As the Supreme Court explained in *Neitzke*, section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the usual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90. 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**II.    Background**

On October 7, 2013, Cane was sleeping in the living room of his home located at 830 Slater Road in New Britain, Connecticut. Cane woke up when he heard activity outside his home. Out of his window he could see that New Britain police officers were blocking the area in

front of his home. An officer directed Cane to come out of his house. Cane went out on his front porch and asked if the officers had a warrant. They indicated that they did not possess a warrant. Cane told them to come back with a warrant and went back inside his home.

An officer telephoned Cane and directed him to exit the fenced area of his yard so that they could talk. Captain Steck, Sergeant Burgos, Officers Scirpo, Barbagiovanni and Elias and Detective McBride were armed with rifles and intimidated Cane as he stood in his yard and on his porch. Sergeant Powers threatened Cane during several phone calls. Cane repeatedly told the officers to come back to his home with a warrant.

After thirty minutes of verbal harassment and intimidation, Officers Saylor and Egan, Lieutenant Rodriguez and Detective Mordasiwicz entered Cane's property over the fence surrounding his yard and cut a hole in his garage. Cane feared for his life and surrendered to Officers Saylor and Egan, Lieutenant Rodriguez and Detective Mordasiwicz. Although Cane made those police officers and officials aware that he did not possess any weapons, they tackled him to the ground from behind using excessive force. Cane sustained a tear in his right rotator cuff that subsequently required surgery. Officers Saylor and Egan, Lieutenant Rodriguez and Detective Mordasiwicz took Cane into custody and removed him from his property.

Captain Steck, Sergeant Burgos, Officers Scirpo, Barbagiovanni, Elias, Egan and Saylor, Detectives McBride and Mordasiwicz, Lieutenant Rodriguez and Dog Warden Russo then entered Cane's home without a warrant, searched it and seized various items of contraband. The items seized were used to obtain a search warrant the following day and to support Cane's arrest on felony charges. Chief Wardell supervised the searches of Cane's home.

**III.   Discussion**

### A.     Claims against New Britain Police Department

A municipal police department is not an independent legal entity and is not subject to suit under section 1983. *See Rose v. City of Waterbury*, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (noting that courts within Connecticut have determined that state statutes do not include "provision[s] establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued . . . it is the municipality itself which possesses the capacity to sue and be sued") (internal quotation marks and citation omitted). Furthermore, a police department is not a person amenable to suit under 42 U.S.C. § 1983. *See Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (collecting cases). Thus, any claims against the New Britain Police Department are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as lacking an arguable legal basis.

### B.     Claims against Defendants in Official Capacities

Cane alleges that remaining defendants are all employed by the New Britain Police Department. He seeks compensatory damages from the defendants in their individual and official capacities.

In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability. To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted). A municipality cannot be held liable under 42 U.S.C. § 1983 solely for the acts of its

employees. *See Monell*, 436 U.S. at 694-95. The plaintiff must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Any claim against a municipal official or employee in his official capacity is considered to be a claim against the municipality. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Cane has not alleged any conduct on the part of the defendants that is attributable to a municipal custom, practice or policy which resulted in the deprivation of his constitutional rights. The incidents that Cane describes regarding the search of his home, the destruction of his property, his arrest and the use of excessive force are all isolated occurrences that occurred on October 7, 2013. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) ("a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy") (internal quotation marks and citation omitted).

Because Cane has not alleged facts suggesting that the defendants engaged in a widespread pattern or practice of directing others to conduct unreasonable searches or subjecting him or other individuals at other times to arrests without a warrant or excessive force, he fails to state a claim for monetary damages against the defendants in their official capacities. *See Klos v. Bligh*, 2014 WL 377893, at *6 (E.D.N.Y. July 31, 2014) (dismissing claims against police officer defendants because no allegations that challenged conduct including, falsely arresting

plaintiff, conspiracy to deprive plaintiff of civil rights, conspiracy to charge plaintiff with fictitious crimes and obtain false statements and charging plaintiff with criminal offenses not supported by probable cause, was the result of a municipal policy or custom). All official capacity claims for monetary damages against the defendants are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### C. Claims against Sergeant Powers

The only allegation against Sergeant Powers is that he participated in telephone calls with Cane in an effort to convince Cane to leave his property. Sergeant Powers allegedly verbally harassed and threatened Cane during the conversations, but did not participate in entering onto Cane's property, searching his home or arresting him.

Verbal harassment or profanity alone, "unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem," does not constitute the violation of any federally protected right and therefore is not actionable under section 1983. *Aziz Zarif Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y.1998) (collecting cases). Thus, Cane's assertion regarding verbal harassment and threats made by Sergeant Powers over the telephone does not rise to the level of a violation of any federally protected right. *See Carrow v. City of N.Y.*, 2010 WL 1009996, at *8 (S.D.N.Y. Mar. 17, 2010) (section 1983 claim "premised on the officers' alleged use of verbal abuse and harassment," lacked an arguable legal basis because "[i]t is well established that verbal abuse and profanity is not actionable conduct under 42 U.S.C. § 1983, as it does not violate any protected federal right") (collecting cases); *Bowles v. State*, 37 F. Supp. 2d 608, 613 (S.D.N.Y. 1999) ("To the extent [plaintiff] seeks to assert a claim of verbal abuse against [the arresting officer], this Court notes that verbal harassment or threats alone do

not constitute a violation of a federally protected right and are therefore not actionable pursuant to 42 U.S.C. § 1983.") (citations omitted).  The verbal harassment claim against defendant Powers is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

    **D.**  **Claims against Remaining Defendants in Individual Capacities**

  Cane alleges that the defendants Chief Wardell, Captain Steck, Sergeant Burgos, Officers Scirpo, Barbagiovanni, Elias, Egan and Saylor, Detectives McBride and Mordasiwicz, Lieutenant Rodriguez and Dog Warden Russo violated his Fourth, Fifth and Fourteenth Amendment rights when they entered his property and searched his home without a warrant, destroyed his garage and possibly his fence when they entered his property, arrested him without a warrant and used excessive force against him during the arrest.  As the United States Supreme Court has stated, if "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process" must be the guide for analyzing these claims.'"  *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

  Here, Cane's claims of false arrest, excessive force, unreasonable search and seizure and destruction of property in connection with the illegal entry onto his property are all covered by the Fourth Amendment's protections against unlawful searches and seizures.  Therefore, Cane cannot state a Fifth Amendment substantive due process claim, nor can he allege those same injuries as violations of his Fourteenth Amendment substantive due process rights.  *See id.* at 274-75 ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it . . . .  [Therefore,] substantive due process . . . can afford [the

plaintiff] no relief."); *United States v. Ramirez*, 523 U.S. 65, 71 (1998) ("[e]xcessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression"); *Graham*, 490 U.S. at 394 ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment").  Accordingly, the Fifth and Fourteenth Amendment claims are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

I conclude that Cane has stated Fourth Amendment claims of false arrest, illegal search and seizure, destruction of property and excessive force against defendants Officers Saylor and Egan, Lieutenant Rodriguez and Detective Mordasiwicz and Fourth Amendment claims of illegal search and seizure against defendants Chief Wardell, Captain Steck, Sergeant Burgos, Officers Scirpo, Barbagiovanni, Elias, Egan and Saylor, Detectives McBride and Mordasiwicz, Lieutenant Rodriguez and Dog Warden Russo.  Those claims will proceed against the defendants in their individual capacities.

## IV.    Motion for Appointment of Counsel

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added).  The Second Circuit has made clear that before an appointment is even considered in a civil action, the indigent person

must demonstrate that he or she is unable to obtain counsel or legal assistance. *See Hodge*, 802 F.2d at 61.

Cane does not indicate that he has made any attempts to secure representation in this action. Thus, he had not demonstrated that he is unable to secure legal assistance independently or that he cannot litigate this case on his own. The motion for appointment of counsel is denied at this time. *See Hodge*, 802 F.2d at 61.

## V.     Conclusion

In is hereby ordered that:

(1)     All claims against defendants New Britain Police Department and Sergeant Powers, the Fifth and Fourteenth Amendment claims, and the claims against all other defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Fourth Amendment claims of false arrest, illegal search and seizure, destruction of property and excessive force will proceed against defendants Officers Saylor and Egan, Lieutenant Rodriguez and Detective Mordasiwicz in their individual capacities and the Fourth Amendment illegal search and seizure claims will proceed against defendants Captain Steck, Sergeant Burgos, Officers Scirpo, Barbagiovanni, Elias, Egan and Saylor, Detectives McBride and Mordasiwicz, Lieutenant Rodriguez and Dog Warden Russo in their individual capacities.

The Motion for Appointment of Counsel [**Doc. No. 9**] is **DENIED** without prejudice to refiling at a later stage of litigation. Any renewal of that motion shall be accompanied by a summary of any attempts to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which Cane made those contacts and the reasons why assistance was unavailable.

(2)     **Within twenty-one (21) days of this Order**, the Clerk shall mail a waiver of service of process request packet to each of the following defendants in his or her individual capacity at the New Britain Police Department, 10 Chestnut Street, New Britain, CT 06051: Police Chief James Wardell, Captain Thomas Steck, Sergeant Carlos Burgos, Officer Peter Scirpo, Officer Francesco Barbagiovanni, Officer Amando Elias, Officer Egan, Officer Saylor, Detective Daniel McBride, Detective Carl Mordasiwicz, Lieutenant Rodriguez and Dog Warden Russo.

(3)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all affirmative defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(7)     If you change your address at anytime during the litigation of this case, Local Rule 83.1(c)2 provides that you must notify the court. Failure to do so can result in the dismissal of your case.

SO ORDERED at Bridgeport, Connecticut, this 27th day of February 2017.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge