SCANNED at and Emailed 7/24/18 by CD, No. 10 pages

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT A. CANE
V                                              CASE NO. 3:16-CV-01638(DJS)
NEW BRITAIN POLICE DEPARTMENT
           et al                               July 23, 2018

## AMENDMENT TO COMPLAINT

ON JULY 11, 2018, JUDGE DOMINIC J. SQUATRITO, GRANTED ORDER TO AMEND THE COMPLAINT TO SPECIFY THE PLAINTIFF'S REQUEST FOR DAMAGES. THE PLAINTIFF IS FILING THE AMENDED COMPLAINT WITH THE AMENDMENT TO PARAGRAPH 32 DETAILING THE PLAINTIFF'S REQUEST FOR DAMAGES. (SEE ATTACHED)

                                    _Robert A. Cane_
                           PLAINTIFF ROBERT A. CANE pro se

## CERTIFICATION

THIS IS TO CERTIFY THAT ON JULY 23, 2018 A COPY OF THE FOREGOING MOTION WAS FILED THROUGH THE COURT'S ELECTRONIC FILING SYSTEM, ACCESS FOR ALL PARTIES.

ALAN DEMBICZAK, Esq                 _Robert A. Cane_
                                    ROBERT CANE pro se

Robert A. Cane
830 Slater Road
New Britain, CT 06053
(860) 919-1771
Plaintiff in Pro Se

FILED

2016 OCT -3  P 1:10

US DISTRICT COURT
HARTFORD CT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Robert A. Cane, | Case No.: 3:16CV1638 (SRU) |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **DAMAGES PURSUANT TO 42** |
| New Britain Police Department, | **U.S.C. § 1983** |
| Defendant, | **DEMAND FOR JURY TRIAL** |
| Chief James Wardell, WARDWELL | |
| in official and individual capacity, | |
| Defendant, | |
| Captain Thomas Steck, | |
| in official and individual capacity, | |
| Defendant, | |
| Sargent Carlos Burgos, | |
| in official and individual capacity | |
| Defendant, | |

1

Complaint

Officer Peter Scirpo,
in official and individual capacity,
Defendant,

Officer Francesco Barbagiovanni,
in official and individual capacity,
Defendant,

Detective Daniel G. McBride,
in official and individual capacity,
Defendant,

Officer Armando Elias,
in official and individual capacity,
Defendant,

Sargent Arthur Powers,
in official and individual capacity,
Defendant,

Officer Saylor,
in official and individual capacity,
Defendant,

Detective Carl Mordasiwicz,
in official and individual capacity,
Defendant,

Officer Egan,
in official and individual capacity,
Defendant,

Lieutenant Rodriguez,
in official and individual capacity,
Defendant,

Complaint

Dog Warden Russo,
in official and individual capacity,
Defendant.

### Jurisdiction

1. This court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

### Venue

2. Venue is proper pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the claim occurred in this district.

### Parties

3. Plaintiff, Robert A. Cane, is a resident of Connecticut and currently resides at 830 Slater Rd., New Britain, CT 06053, and who was employed as an Assistant Project Manager with the Connecticut Department of Administrative services on October 7, 2013.

4. Defendant, New Britain Police Department, currently located at 10 Chestnut Street New Britain, CT 0605. Defendant was acting under the color of state law on Octover 7, 2013.

5. Defendant, Captain Thomas Steck, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

6. Defendant, Sargent Carlos Burgos, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

7. Defendant, Officer Peter Scirpo, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

8. Defendant, Officer Francesco Barbagiovanni, was employed as an officer

with New Britain Police Department on October 7, 2013 and acting under the color of state law.

9. Defendant, Detective Daniel G. McBride, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

10. Defendant, Officer Armando Elias, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

11. Defendant, Officer Saylor, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

12. Defendant, Detective Carl Mordasiwicz, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

13. Defendant, Officer Egan, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

14. Defendant, Lieutenant Rodriguez, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

15. Defendant, Dog Warden Russo, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

16. Defendant, Chief James Wardell, was employed as a commanding officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

17. Defendant, Sargent Arthur Powers, was employed as an officer with New Britain Police Department on October 7, 2013 and acting under the color of state law.

## Statement of Facts

18. On October 7, 2013 at approximately 5:30 p.m., Plaintiff was taking a nap in his living room inside his home located at 830 Slater Rd., New Britain, CT. Plaintiff's home was secured on all sides by a metal chain link fence and locked gates.

19. Plaintiff awoke to noise outside his home, approached the living room window, and observed Defendants, New Britain Police Department and its officers, using their police vehicles to block the area of Slater Rd. in front of Plaintiff's home while a number of officers had assault weapons drawn and aimed at Plaintiff's home.

20. Plaintiff heard one officer on a PA say, "Robert Cane, come out of your house." Plaintiff immediately exited his home through the front door and stepped onto the front porch. The officer on the PA requested that the Plaintiff exit his fenced and locked yard so they could speak. Plaintiff queried whether the police officers possessed a warrant saying, "Do you have a warrant?" At which time, the officer on the PA indicated they did not possess a warrant. Plaintiff responded, "Come back when you get a warrant," and reentered his home.

21. Plaintiff's telephone rang shortly after reentering his home. Plaintiff answered his phone to a call from a New Britain Police Officer. The officer instructed Plaintiff to exit his fenced and locked yard to "talk" to police who had blocked off Slater Road in front of Plaintiff's property. A number of officers, armed with rifles, intimidated and threatened Plaintiff with their weapons from the street as he stood on his front porch and in his front yard. The identity of these officers are believed to be some/all of the following defendants: Captain Thomas Steck, Sargent Carlos Burgos, Officer Peter Scirpo, Officer Francesco Barbagiovanni, Detective Daniel G. McBride, and Officer Armando Elias.

22. Several officers attempted to force Plaintiff to exit his yard through veiled threats over the telephone in addition to the menacing committed by the of-

ficers in front of Plaintiff's home. Sargent Arthur Powers participated in the majority of the phone conversation between the Plaintiff and the New Britain Police Department.

23. Throughout the course of New Britain Police Department's warrantless harassment and threatening of Plaintiff, Plaintiff continually asked the officers in front of his home and on the phone if they possessed a warrant that would have given them legal authority to remove Plaintiff from his private residence and fully fenced, locked yard. At no time did officers indicate they possessed such a warrant. Repeatedly, Plaintiff told officers in front of his home and over the phone to come back when they had a warrant.

24. After over 30 minutes of harassment and intimidation, officers breach Plaintiff's fenced in back yard, even cutting a hole in Plaintiff's garage from which to, presumably, mount an assault on Plaintiff's home. The officers equipped with SWAT-style weapons and gear that illegally entered Plaintiff's property without a warrant are believed to be: Officer Saylor, Detective Carl Mordasiwicz, Officer Egan, and Lieutenant Rodriguez.

25. Having been successfully intimidated by the four trespassing officers and in fear for his life, Plaintiff exited the front of his home and surrendered to the unlawful intruders. After surrendering and exposing himself to show he was free of weapons, Plaintiff was tackled from behind by the trespassing officers. The excessive forced used in the unnecessary tackle caused a serious tear in Plaintiff's right rotator cuff, which required surgery after his release on bond, four months later. Plaintiff was taken into police custody approximately 45 minutes after he had been napping peacefully in the privacy of his own home.

26. Subsequent to Plaintiff's illegal and unlawful arrest and removal from his property, officers of the New Britain Police Department, under the supervision/control/policies/procedures of the New Britain Police Department and Chief James Wardell, entered Plaintiff's home without a proper search warrant.

These officers are believed to be some/all of the defendants listed in paragraphs 5 through 15. These officers conducted a full search of Plaintiff's home without the requisite search warrant. Officers allege that these searches yielded contraband, which was used to obtain a search warrant the following day and lead to the Plaintiff being charged with several serious felonies. The warrantless search lacked probable cause and even reasonable suspicion as the New Britain Police Department and its officers manufactured Plaintiff's agitated state after showing up to his home in full force, shutting down the street, and training assault rifles on Plaintiff's home and person under the guise of wanting to "interview" him.

27. Such illegal actions led to Plaintiff's arrest and pending criminal prosecution which have resulted in Plaintiff being forced from his job with CT Department of Administrative Services, accumulating unnecessary debt, and losing all prospects of securing gainful employment suitable for Plaintiff's knowledge, skills, and abilities.

## Claim I

28. Plaintiff realleges paragraphs 1 through 27.

29. By doing the acts described above in Paragraph 19 through 25, Defendants, New Britain Police Department, Chief James Wardell, Captain Thomas Steck, Sargent Carlos Burgos, Officer Peter Scirpo, Officer Francesco Barbagiovanni, Detective Daniel G. McBride, Officer Armando Elias, Sargent Arthur Powers, Officer Saylor, Detective Carl Mordasiwicz, Officer Egan and Lieutenant Rodriguez, caused and/or permitted the violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Claim II

30. Plaintiff realleges paragraphs 1 through 27.

31. By doing the acts described above in Paragraph 26, Defendants, New Britain Police Department, Chief James Wardell, Captain Thomas Steck, Sargent

Britain Police Department, Chief James Wardell, Captain Thomas Steck, Sargent Carlos Burgos, Officer Peter Scirpo, Officer Francesco Barbagiovanni, Detective Daniel G. McBride, Officer Armando Elias, Sargent Arthur Powers, Officer Saylor, Detective Carl Mordasiwicz, Officer Egan, Lieutenant Rodriguez and Dog Warden Russo, caused and/or permitted the violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

### Request for Relief

WHEREFORE, the plaintiff requests:

32. Compensatory damages, including general and special damages, according to proof;

33. Any further relief which the court may deem appropriate.

### Demand for Jury Trial

34. Plaintiff hereby requests a jury trial on all issues raiser in this complaint.

Dated: 10/3/204

By: Robert A. Cane

Plaintiff in Pro Se

AMENDMENT TO PARAGRAPH
32 OF COMPLAINT

32. (AMENDED) COMPENSATORY DAMAGES; IN THE AMOUNT OF $200,000.00 (TWO HUNDRED THOUSAND DOLLARS) AGAINST EACH DEFENDANT, JOINTLY AND SEVERALTY.

PUNITIVE DAMAGES; IN THE AMOUNT OF $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS) AGAINST EACH DEFENDANT JOINTLY AND SEVERALTY.

LOST FUTURE EARNINGS; IN THE AMOUNT OF $350,000.00 (THREE HUNDRED AND FIFTY THOUSAND DOLLARS) AGAINST EACH DEFENDANT JOINTLY AND SEVERALTY.

_[signature]_
BY ROBERT A. CANE
PLAINTIFF/Pro Se
DATE 7/23/18